UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:21-cv-00002 |
| 1.176 ACRES OF LAND, more or less, in STARR COUNTY, TEXAS; et al., | § § § § | |
| Defendants. | § § | |

## AMENDED FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rule of Civil Procedure 54. Having determined $1081.15 to be just compensation as to the remaining Defendants, Olivia Rodriguez a/k/a Olivia Granados, Randy Rodriguez, Raul Ronaldo Rodriguez, Roel Rodriguez, Roque Rodriguez, and Sabina Olivarez Rodriguez, for the fee simple taking of Tract RGV-RGC-6024, the Court **ORDERS, ADJUDGES** and **DECREES** that:

The United States is granted undivided fee simple interest in Tract RGV-RGC-6024 as more particularly described in United States' Schedules C and D, totaling 1.176 acres of land situated in Starr County, Texas.[1] Said grant is to be limited by the following: subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interest in minerals and appurtenant rights for exploration, development, production and removal of said minerals; reserving to the owners of land described in conveyances recorded with Official Records of Starr County, Texas, volume 52 and page 4, and volume 1045 and page 835, reasonable access to and from the owners' lands lying between the Rio Grande River and the

---

[1] Dkt. No. 1-1 at 5-12.

border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted in United States' Schedule E;[2] excepting and excluding all interest in water rights and water distribution and draining systems, if any provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

The United States is granted immediate possession of its real property interests obtained herein as against these Defendants and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken, to wit, to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

The total sum of one thousand eighty-one dollars and fifteen cents ($1081.15) constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tract RGV-RGC-6024 as to the remaining Defendants, Olivia Rodriguez a/k/a Olivia Granados, Randy Rodriguez, Raul Ronaldo Rodriguez, Roel Rodriguez, Roque Rodriguez, and Sabina Olivarez Rodriguez. The sum fully satisfies any claims of whatever nature by any of the aforementioned Defendants against the United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interest taken in the

---

[2] *Id.* at 15.

subject properties as of July 15, 2021[3] shall be deducted from the compensation distributed by this judgment. Because the remaining Defendants are unable to be located, and currently there are not sufficient funds on deposit in the registry of the Court to equal just compensation as determined here, the Court **ORDERS** the United States to deposit an additionally $605.14 in the registry of the Court no later than **September 30, 2022**. The total amount of 1081.15 and any interest, shall remain on deposit in the registry of the Court accruing interest as provided in 40 U.S.C. § 3116, but shall be paid into the Treasury of the United States without further order of the Court on September 12, 2027,[4] unless another order of the Court distributes such sum. In the event that the remaining Defendants are located before September 12, 2027, or appear to claim their interest, those specific Defendants may claim their portion of the amount deposited in the registry of the Court in compliance with this order, payable as follows:

- Olivia Rodriguez a/k/a Olivia Granados    1.19% of $12,979.00 = $154.45
- Randy Rodriguez    1.19% of $12,979.00 = $154.45
- Raul Ronaldo Rodriguez    1.19% of $12,979.00 = $154.45
- Roel Rodriguez    1.19% of $12.979.00 = $154.45
- Roque Rodriguez    1.19% of $12,979.00 = $154.45
- Sabina Olivarez Rodriguez    2.38% of $12,979.00 = $308.90

Any other person or entity claiming entitlement to such funds shall first move the Court for an order of disbursement before such funds may be distributed.

In the event that any additional party not yet identified in this action is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendants shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct,

---

[3] *See* 40 U.S.C. § 3114(b); *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.")
[4] *See* 285 U.S.C. § 2042.

together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This Final Judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of September 2022.

_____
Micaela Alvarez
United States District Judge

